UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNIE RAYMOND,

        Plaintiff,

vs.                             CASE NO.

KLAUSNER LUMBER ONE LLC     CLASS REPRESENTATION
and KLAUSNER LUMBER TWO LLC,

        Defendants.
_____/

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

        Plaintiff, JOHNNIE RAYMOND ("Plaintiff"), individually and on behalf of a class of others similarly situated (collective "the Putative Class"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant, KLAUSNER LUMBER ONE, LLC, and KLAUSNER LUMBER TWO, LLC (hereinafter "Klausner") a Foreign Limited Liability Company as Defendant, and states as follows:

**INTRODUCTION**

        1.    Plaintiff, JOHNNIE RAYMOND, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA") and brings this action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") to recover front pay in lieu of reinstatement, back pay, liquidated damages, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

1

## JURISDICTION AND VENUE

2. Plaintiff and the Putative Class are employees of Defendants and worked in Defendants' lumber processing facilities.

3. Plaintiff brings this action against Defendants on behalf of himself and the Putative Class for, inter alia, violations of the Family and Medical Leave Act and/or the emergency FMLA-leave provisions of the Families First Coronavirus Relief Act ("FFCRA") and related penalties based on Defendants denial of employee benefits arising thereunder. Specifically at issue is Defendants' policy and practice of interfering with Plaintiff and Putative Class rights. Plaintiff also brings this action on behalf of himself and the Putative Class for Defendant's violations of Title VII as it relates to national origin.

4. Defendants knew or should have known that their illegal actions against Plaintiff and the Putative Class were in violation of the law.

5. As a result, Plaintiff brings this company-wide class action on his own behalf and on behalf of those similarly situated, including all employees working for Defendant in the United States and subject to the provisions found in the FMLA or the emergency FMLA-leave provisions found in the FFCRA as well as Title VII.

6. The Court has jurisdiction over the claims of Plaintiff and Putative Class pursuant to 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7. Venue is proper as a substantial part of the acts and omissions giving rise to the claims of the Plaintiff and Putative Class occurred in Suwannee County, Florida and are within the purview of this Court.

## CONDITIONS PRECEDENT

8. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff

filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## PARTIES

9. At all times material to this action, Plaintiff was a resident of Suwannee County, Florida.

10. Based on information and belief, there are approximately one hundred fifty (150) or more employees at any given time in Defendants' Live Oak, Florida and Rocky Mount, North Carolina offices combined.

11. At all times material to this action KLAUSNER LUMBER ONE LLC and KLAUSNER LUMBER TWO LLC (collectively "Klausner") were, and continue to be, Foreign Limited Liability Companies.

12. Further, at all times material to this action, Defendant was engaged in business in Florida, doing business, in among other counties, Suwannee County, Florida.

13. Defendant is an employer under the FMLA because it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and/or is an employer with fewer than 500 employees as articulated under the emergency FMLA-leave provisions of the FFCRA. Defendant is an employer pursuant to 42 U.S.C. §§ 2000e et seq. ("Title VII").

14. This Court has original jurisdiction over all claims in this action pursuant to 29 U.S.C. § 2617(a)(2) and/or under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which (1) there are 100 or more members in the Named Plaintiffs' proposed class, (2) at least some members of the proposed class have a different citizenship from Defendants, and (3) the claims of the Named Plaintiffs and the proposed class members

exceed $5,000,000.00 in the aggregate.

15. At all times relevant hereto, Plaintiff and Putative Class were employees eligible for leave under the FMLA.

## ULTIMATE FACTS

16. Plaintiff was hired by Klausner on or about November 1, 2017 as the shift lead for mobile maintenance at Klausner. Putative Class members are similarly situated.

17. Klausner first opened a facility in the United States in 2013 at the location in Live Oak, Florida.

18. At the time of Plaintiff's hiring it was known that the company was expanding its footprint from Florida into North Carolina.

19. Klausner executives were all Austrian nationals. Those executives provided company management at the US facilities with little to no advisement as to the corporate financial status. The U.S. facilities were viable market participants.

20. Klausner implemented an aggressive plan for growth in the U.S. based on its models predicting expansion in the lumber market. The Austrian executives for the company refused to take into account the health or welfare of their American workforce. These Austrian executives sought to increase the bottom line for the Austrian company and the executives in Austria alone.

21. Klausner routinely failed to act in the best interest of its American employees—at times failing to pay certain wages and remunerative benefits such as health insurance.

22. Plaintiff was a highly regarded employee and earned a management promotion within the company after just one year of service. Plaintiff is also a family man, having a wife and two kids, as well as elderly parents who often require health assistance provided for by

Plaintiff.

23. Michael Klausner, the President and co-owner of Klausner told Plaintiff how great of a job he was doing and that he hoped Plaintiff would stay with Klausner for a long time.

24. In January 2020, the world experienced the rapid spread of the COVID-19 pandemic as it first struck Asia, then Europe, then the U.S.

25. Klausner executives did not immediately shutter the business, instead only instructing their American laborers to keep working.

26. Plaintiff informed management of the need to care for himself and his family members because of the COVID-19 disease.

27. On March 14, 2020, the United States House of Representatives passed emergency legislation titled Families First Coronavirus Response Act (FFCRA). Included in the Act were provisions for emergency leave pursuant to the Family and Medical Leave Act. These emergency provisions were aimed at protecting the American worker.

28. Under the emergency FMLA-leave provisions of the FFCRA, an employer with fewer than 500 employees is required to grant all eligible employees paid sick leave, with only a few exceptions cognizable under the law. The employee is guaranteed the leave if for among other reasons the employee is quarantined, a doctor advises the employee to take sick leave and in instances where the employee will care for a child. The employer is required to pay the qualified employee a per day wage and cannot require the employee to relinquish rights to accrued paid time off. The employer is required to attend to the financial needs of the employee during the time of health and family related distress.

29. On March 17, 2020, in direct response to the impending increased employee

protections in the United States and/or based on the increasing amount of health and family related requests, Klausner abruptly pulled the plug on its American operations. Klausner shirked its duty to provide its American employees the required economic and health protections during this critical medical crisis. In fact, Klausner protected its Austrian employees only. It rounded up the Austrian executive team and abandoned the hardworking American laborers. Plaintiff along with his fellow Floridian and North Carolinian employees showed up to work on the morning of March 18. The building was empty and the American workers were greeted with signs reading "PLANT CLOSED."

30. Plaintiff and his family are devastated. Where under the new protections of the FMLA, Plaintiff could care for his children, family and himself, now, because of Klausner's heartless acts, he and his fellow employees were deprived of the much needed protections of the new law, and he no longer can take care of himself or his family during this national health crisis.

31. Defendant continues to interfere with Plaintiff's subsequent employment opportunities as a result of him filing a Charge of Discrimination with the EEOC. Defendant sold the entities at issue in this suit and Defendant's former Austrian executives now work for the subsequent employer. Those executives refuse to hire Plaintiff and other members of the Putative Class.

32. Defendant Klausner interfered with Plaintiff's exercise of the rights under the FMLA for which he was eligible.

33. Defendant's violations of the herein cited laws were willful and perpetrated with malice or reckless indifference to the law(s) cited herein.

34. Plaintiff has retained the undersigned to represent his interests in this cause and

is obligated to pay a fee for these services. Defendants should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on his own behalf and as a class action pursuant to 29 U.S.C. § 2617(a)(2) and/or Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. This action involves all Klausner employees at both of the facilities in the United States.

36. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least one hundred fifty (150) individuals who satisfy the definition of the Class.

37. There are questions of law and fact common to this Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants unlawfully violated the FMLA and/or Title VII;

    b. The proper measure of damages sustained by Plaintiff and the Class;

    c. Whether Defendants' actions were willful; and

    d. Whether Defendants should be enjoined from such violations in the future.

38. Plaintiff's claims are typical of those of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' practice of interfering with rights construed under the FMLA.

39. Plaintiff will fairly and adequately protect the interests of the Class, and has retained counsel experienced in complex wage and hour class action litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the current national healthcare

crisis where individual plaintiffs lack the financial resources directly relating to the additional emergency created by the Defendants, and therefore are unable to vigorously prosecute separate lawsuits in federal court against that large corporate defendant.

41. Class certification of the claims is appropriate pursuant to 29 U.S.C. § 2617(a)(2) and/or Fed. R. Civ. P. 23(b)(1). The prosecution of separate actions by individual members of the Class would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

42. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and injunctive relief. The Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all FMLA related leave benefit from Defendants.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Class the desperately needed FMLA relief to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

44. Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.

## COUNT I
## FMLA – INTERFERENCE

45. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1

through 44, above, as if fully set forth herein.

46. At all times relevant hereto, Defendant violated Plaintiff's rights pursuant to the Family and Medical Leave Act and/or the emergency FMLA-leave provisions pursuant to the Families First Coronavirus Leave Act.

47. At all times relevant hereto, Defendant interfered with and/or caused to be interfered with Plaintiff's FMLA rights in violation of the law by terminating his employment prior to Plaintiff exercising his rights under the law.

48. At all times relevant hereto, Defendant acted with the intent to interfere with Plaintiff's FMLA rights, specifically denying his leave and/or causing him to be denied leave pursuant to the FMLA.

49. As a result of Defendant's intentional, willful and unlawful acts of interference with Plaintiff and other class members being afforded the right to exercise his rights pursuant to the FMLA, Plaintiff and these other class members have suffered damages and incurred reasonable attorneys' fees and costs.

50. Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

51. Plaintiff is entitled to recover attorneys' fees and costs related to this action and will ask the Court to order payment of such by the Defendant.

**COUNT II**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII**

52. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 44, above, as if fully set forth herein

53. Plaintiff is member of a protected class due to his national origin.

54. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of national origin in violation of Title VII.

55. Defendant knew or should have known of the discrimination.

56. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's and Putative Class' rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

57. Plaintiff is entitled to recover attorneys' fees and costs related to this action and will ask the Court to order payment of such by the Defendant.

## COUNT III
## RETALIATION – IN VIOLATION OF TITLE VII

58. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 44, above, as if fully set forth herein

59. Plaintiff is a member of a protected class under Title VII because he engaged in protected activities.

60. Plaintiff engaged in protected activity when he complained to the EEOC by filing a charge of discrimination about the disparate treatment Plaintiff was subjected to relating to national origin.

61. Defendants' treatment of Plaintiff became worse after Plaintiff's complaints and Plaintiff was not only terminated but also refused rehire by the subsequent owner of the plant(s) in issue.

62. By the conduct described above, Defendant treated Plaintiff differently than his Austrian co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities in violation of Title VII.

63. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected to.

64. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

65. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

66. Plaintiff is entitled to recover attorneys' fees and costs related to this action and will ask the Court to order payment of such by the Defendant.

**WHEREFORE** Plaintiff, JOHNNIE RAYMOND, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Reinstatement and in the alternative front pay in the event reinstatement is not practical;

    c. Other monetary damages as permitted by the FMLA;

    d. Equitable relief;

    e. Declaratory relief that Defendant violated the FMLA;

    f. Reasonable attorneys' fees and costs;

    g. Such other relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 7 day of December, 2020.

                                      Respectfully submitted,

                                      *s/Thomas L. Dickens, III*
                                      Thomas L. Dickens, III
                                      Florida Bar No.: 63867
                                      Morgan & Morgan, P.A.
                                      20 N. Orange Ave.
                                      Suite 1600
                                      Orlando, FL 32801
                                      Direct Tel.:    (407) 418 2042
                                      Facsimile:     (407) 245-3354
                                      Email: tdickens@forthepeople.com
                                      Secondary Email mfermaint@forthepeople.com

                                      *Trial Counsel for Plaintiff*