UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNIE RAYMOND,
on behalf of himself and others
similarly situated,

    Plaintiff,

vs.                                            CASE NO. 3:20-cv-1380-BJD-MCR
                                            CLASS REPRESENTATION

KLAUSNER LUMBER ONE LLC
and KLAUSNER LUMBER TWO
LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Third Motion for Extension of Time to File Case Management Report and Certify Class and Motion for Final Default Judgment ("Motion to Extend Time" and "Motion for Default Judgment," respectively) (Doc. 14), filed may 6, 2021.

**I.    BACKGROUND**

This case presents the unusual circumstance of the same parties involved in two separate, but related, litigations, one of which is also in an active bankruptcy proceeding. More specifically, Johnnie Raymond ("Plaintiff"), Klausner Lumber One LLC ("Defendant K-1") and Klausner Lumber Two LLC ("Defendant K-2") are parties to the instant case and in the

matter of *Raymond v. Klausner Lumber One LLC, et al.*, Case No. 3:20-cv-287-BJD-MCR, filed in this Court on March 21, 2020 ("the Related Case"). The instant action was initiated on December 7, 2020, with Plaintiff's filing of the Class Action Complaint and Demand for Jury Trial (Doc. 1). Defendant K-1 filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware under Chapter 11 of Bankruptcy Code, 11 U.S.C. §§ 101 et seq., on April 30, 2020. (*See* Notice of Bankruptcy and Automatic Stay (Doc. 16), filed May 1, 2020 in the Related Case.)

## II.   DISCUSSION

The Court takes judicial notice of Defendant K-1's currently pending Chapter 11 bankruptcy proceeding. (*See id.*) The Court also takes notice the entirety of the Related Case has been stayed and administratively closed, pursuant to the Notice of Bankruptcy and agreement of the parties. As was noted in the Related Case, "the Court is concerned that it is unable to render judgment against some Defendants in this case without risk of later inconsistent judgments or the need to relitigate." (*See* Court Order (Doc. 106), entered May 29, 2020 in the Related Case.) Obviously, that same concern exists with the instant action.

It is clear this case should be stayed as to Defendant K-1. The Bankruptcy Code provides in pertinent part:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1). The matter about which Plaintiff complains, namely the abrupt and unanticipated closing of Defendant K-1's plant operating in Live Oak, Florida, occurred on March 18, 2020. (*See* Doc. 1 at 4-6.) Therefore, this case is an action that falls squarely within the automatic stay of 11 U.S.C. § 362(a)(1), as it could have been commenced before Defendant K-1 filed for bankruptcy on April 30, 2020.

What remains for the Court's consideration and ruling is Plaintiff's request for entry of final default judgment. Having reviewed the docket sheets and relevant filings in both cases, the Court does not find a discernable difference between Defendant K-2's status herein from that in the Related Case before entry of the agreed upon stay. Indeed, an agreed upon stay of this action pending status of the Defendant K-1 bankruptcy might conserve scarce judicial resources and avoid litigation costs for the parties in the future. With due consideration, the Court finds additional briefing on this issue will be valuable.

Accordingly, the Court will order Plaintiff to file a memorandum of law,

**on or before May 28, 2021**, addressing all implications of Defendant K-1's bankruptcy proceeding on the present case, especially the imposition of an automatic stay between two related business entities when one has sought bankruptcy protection, and the precedence, if any, for entry of a default judgment under the unusual circumstances of the two cases where claims against Defendant K-1 and Defendant K-2 appear to be "inextricably interwoven." *See In re Jefferson Cty., Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013); *see also Lanard Toys Limited v. Toys "R" US-Delaware, Inc.*, Case No. 3:15-cv-849-J-34PDB, 2017 WL 5256870, at *4 (M.D. Fla. Nov. 13, 2017) (automatic stay may be extended to non-debtor co-defendants in "unusual circumstances" such as when judgment against co-defendant is effectively against the debtor).

### III.  CONCLUSION

Thus, upon due consideration and for the reasons state herein, Plaintiff's Third Motion for Extension of Time to File Case Management Report and Certify Class and Motion for Final Default Judgment (Doc. 14) is **GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART**. It is hereby **ORDERED**:

1. The time to file the Case Management Report and to Certify Class is enlarged through **August 11, 2021**.

2. The Motion for Default Judgment is **taken under advisement**.

3. Plaintiff shall file a memorandum of law addressing all implications of Defendant K-1's bankruptcy proceeding on this case and the propriety of entry of a default judgment on the facts of this case, not later than **May 28, 2021**. Alternatively, the parties may agree to entry of a temporary stay in this action on the same terms as agreed in the Related Case and file a joint notice advising same.

4. The Clerk of Court shall send a copy of this Order by U.S. Mail to the Defendants, Plaintiff's counsel in the Related Case, and bankruptcy counsel for Defendant K-1 at the addresses shown below.

**DONE AND ORDERED** at Jacksonville, Florida, on May 14, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

David Grayman Larkin
Fallace & Larkin, LLC
1900 S Hickory St. Suite A
Melbourne, FL 32901

Klausner Lumber Two LLC
c/o National Registered Agents Inc.
1209 Orange Street
Wilmington, DE  19801

5

Klausner Lumber One LLC
c/o NRAI Services Inc.
1200 South Pine Island Road
Plantation, FL 33324

Jay Paul Lechner
Lechner Law
201 E. Kennedy Blvd. Suite 412
Tampa, Florida 33602