UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNIE RAYMOND,

      Plaintiff,

vs.                                              CASE NO.   3:20-CV-1380-BJD-MCR

KLAUSNER LUMBER ONE LLC          CLASS REPRESENTATION
and KLAUSNER LUMBER TWO
LLC,

      Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiffs "Johnnie Raymond on behalf of himself and others similarly situated" (hereinafter "Plaintiffs") by and through undersigned counsel and pursuant to the Court's order dated May 14, 2021, [DOC 15] hereby submit this Memorandum of Law in support of Plaintiff's Motion for Entry of Default against Defendants, KLAUSNER LUMBER ONE, LLC and KLAUSNER LUMBER TWO, LLC and states the following:

### I.   BACKGROUND

1. This action is filed against Klausner Lumber One, LLC ("Defendant K-1") and Klausner Lumber Two, LLC ("Defendant K-2"), as a class action. The

Honorable Court has taken judicial notice wherein Defendant K-1 has filed a notice of bankruptcy in the Bankruptcy District of Delaware.

2. The Court has noted that there is a similar litigation pending, where the same parties are involved, in the matter of *Raymond v. Klausner Lumber One LLC, et al.*, Case No. 3:20-cv-287-BJD-MCR. The Court entered a stay on the related case and administratively closed the action on May 29, 2020.

3. Plaintiffs' Motion for Final Default Judgment has been taken under advisement pending further consideration in an effort to discern between the related case and this current action.

4. Plaintiffs file this Memorandum of Law in support of a showing that this class action should not be stayed; the Honorable Court should grant Plaintiffs' Motion for Final Default Judgment as the automatic stay does not extend to actions against parties other than the debtor, such as co-debtors and sureties. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993).

5. In addition there exists a distinct difference between this action and the related case. Here, Plaintiffs' claim(s), inter alia, are for willful violations of the Family and Medical Leave Act (FMLA), as well as claims of discrimination and retaliation in willful violation of Title VII. These claims fall under the *willful and malicious injury exception* found in 11 U.S.C. §523, Exception to Discharge. Contrary to the related case where the class action complains of overtime,

minimum wage, and general unpaid wages, the instant case involves willful and malicious injury.

## II.   DISCUSSION

This Honorable Court has queried the utility of entering the Default Final Judgment against Defendants in this action. The problem that arises here is that to date, neither Defendant K-1 nor Defendant K-2 has answered or otherwise filed any paper in regard to this action. Furthermore, though Defendant K-1 is presumably subject to the Bankruptcy protections, K-2 is not. That is to say, historically courts have been reluctant to advance protections of one party to another defendant who has not claimed right to that protection. See *Johnson v. Flatau (In re Stewart)*, 329 B.R. 910, 914 (Bankr. M.D. Ga. 2005). When a named defendant files for bankruptcy "[t]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Johnson v. Flatau (In re Stewart)*, 329 B.R. 910, 914 (Bankr. M.D. Ga. 2005)(quoting Maritime Electric Co. v. United Jersey Bank, 959 F. 2d 1194, 1205 (3d Cir. 1991)); See also *Freedom Plastics, Inc. v. Sparta Polymers, LLC*, 2013 WL 12290256 (N.D. Ga. Nov. 1, 2013); and also *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3d Cir. 1991) ("The scope of the automatic stay under Section 362 is broad, the clear language of section 362(a) stays actions only against a "debtor."); *cf. W.W. Gay Mech.*

*Contractor, Inc. v. Wharsfide Two, Ltd.*, 545 So.2d 1348, 1350 (Fla. 1989) (Florida Supreme Court holding that "Generally protections of the automatic stay do not apply to a co-defendant not in bankruptcy").

Here, the Defendants have had the opportunity to plead in this action and have failed to do so. They have yet to file one single paper, though by courtesy copy of the Court's Order [DOC 15] each has been put on notice. The Court should therefore enter a Default Final Judgment as the automatic stay does not apply to a co-defendant which is not subject to the protections of bankruptcy.

Moreover, Section 523(a), under Title 11, sets forth specific exceptions for debts that are non-dischargeable by a debtor in actions pursuant to Chapter 11—Defendant K-1 voluntarily filed a petition under Chapter 11. To be sure and noted by this Honorable Court, 11 U.S.C. §523(a)(6) excepts debts that are "willful and malicious injury by the debtor to another entity or the property of another entity." In order to decide whether a debt will be discharged, the court must make a factual finding as to whether the debt can be discharged.

First, Plaintiffs' claims rely upon Defendants willful "intent to interfere with Plaintiff's FMLA rights." Additionally, as precisely alleged by Plaintiffs, each of the Defendants' violations "were willful and perpetrated with malice or reckless indifference to the law…". That is, the Defendants here have exhibited malicious and reckless disregard in their discriminatory and retaliatory acts directed squarely

against the American-citizen workers. Defendant closed the plant without notice and refused to reemploy Plaintiffs. The Plaintiffs' claims clearly fall under the Section 523(a)(6) exception and Plaintiffs' prayerful request that this Court make the finding that the debt as pled is non-dischargeable in this instance.

### III.   ENTRY OF DEFAULT

Plaintiffs' request begins with the entry of a default. Pursuant to Federal Rule of Civil Procedure 55(a), the Rule "allows entry of default against a party who has failed to plead or otherwise defend." The entry of default is proper and should proceed with its entry. That is not to say that Defendants here are to go without a day. Each has been put on notice and presumably should have alerted the Court by filing at least a paper on or before the date of this brief. Further, the default can be set aside for "good cause," which takes into account whether: (1) the default was culpable; (2) the defaulting party has a meritorious defense; or (3) the defaulting party acted promptly to correct the default. *See* F.R.C.P. 55(c); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for judicial proceedings, the court need make no other finding in denying relief." *Id*.

Plaintiffs have made every prudent attempt to provide notice to Defendants. This Court has attempted to give notice by sending a copy of the Order to

Defendants. Furthermore, in the related case, which was given judicial notice, Defendant K-1 filed a Notice of Bankruptcy within eight days—that is pretty short order. Defendants have not acted with the same exigency here which fact lends itself to the willful and malicious nature of the injury perpetrated by the debtor(s).

And, default is warranted because Defendant K-2 failed to answer or otherwise defend this action even in light of the fact that it has now been put on notice twice. Defendant K-1 has failed to file any paper or otherwise defend on the basis of bankruptcy protection. Defendant K-1 has not advanced its Notice or established a meritorious defense, nor has it acted promptly to avoid a default. Furthermore Defendant K-2 has not entered any meritorious defense, nor acted promptly to correct the Clerk's Default. Defendant K-2 is culpable as well.

Defendants have intentionally disregarded this action and have made no attempt to set aside the Default previously and correctly entered by the clerk. Defendants have the opportunity to correct the Default. Defendant K-1 is capable of entering a paper here as they previously have entered a Notice of Bankruptcy in the related case. Defendant K-1 and Defendant K-2 should not be allowed to set aside the Default as they have no meritorious defense, not acted promptly, and Defendants are culpable. Plaintiffs are therefore entitled to the entry of the Final Default Judgment under the Rule. F.R.C.P. 55.

## IV. DEFAULT JUDGMENT

Plaintiffs are now entitled to the Final Default Judgment. Under Federal Rule of Civil Procedure 55(b)(2), a party must apply for the final entry of default and the court may enter a default judgment against a properly-served defendant who fails to appear or otherwise defend an action against him. Through default, a defendant "admit[s] the Plaintiff's well-pleaded allegations of fact" for liability purposes. *Buchanan v. Bowman,* 820 F.3d 359, 361 (11th Cir. 1987). So long as the factual allegations of the complaint provide a sufficient legal basis to support entry of default, a court may do so. See *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In light of this standard, the Complaint is clearly sufficient and this matter is ripe for entry of the final default.

As stated above, Defendants failed to answer or otherwise defend this action. Plaintiffs have pled the facts and the malicious manner that Defendants have discriminated against Plaintiffs. Plaintiffs properly articulated the legal grounds for the violations that Defendants have willfully committed and there are sufficient allegations and grounds for the violation in the complaint. Plaintiffs have followed the established procedure in attaining the default and now Plaintiffs are duly entitled to entry of Final Default Judgment.

## V. AUTOMATIC STAY SHOULD NOT APPLY

Defendant K-1's bankruptcy protection should not extend to Defendant K-2. The automatic stay provision omits reference to "co-defendants" in other interparty claims. 11 U.S.C. §362.  The statute imposes an automatic stay of any proceeding "commenced or [that] could have been commenced against the debtor." 11 U.S.C. §362(a)(1). It protects the debtor from conflicting judgments, and presumably not third party co-defendants. See 11 U.S.C. §362(a).

It is not clear why Defendant K-2 has failed to file its own bankruptcy action. Without any papers filed in this case, the Court cannot make that determination. If Defendant K-2 intended bankruptcy protection to inure, it should have filed for its own bankruptcy proceeding. It did not. Furthermore, if Defendant K-1 wished to defend on its protection in the related case, it should have filed the Notice here. The Court must surmise that Defendant K-2 is not entitled to the protection of a stay for the entire case as Defendant K-2 has an obligation to answer or bring forth a defense against Plaintiffs allegations. Defendants have done nothing.

This Honorable Court has taken judicial notice of Defendant K-1's bankruptcy proceeding. At the very least, Defendant K-1, which now has notice of the Order [DOC 15], should confirm its defense of a stay. It has not. Certainly, with no notice filed by Defendant K-1, it would be improper for Defendant K-2 to

enjoy any benefit of a protection alleged by a co-defendant which has not even defended.

## VI. UNUSUAL CIRCUMSTANCES

Finally, the courts have previously extended the automatic stay to non-bankrupt co-defendants only in "unusual circumstances." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). This unusual situation arises when there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. *Id*. Further, in the cases where a bankruptcy court may properly stay the proceedings against a non-bankrupt co-defendant, such non-bankrupt defendants must have "unusual circumstances" and certainly "[s]omething more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy." *Matter of Johns-Manville Corp.*, 26 B.R. 405, 410 (Bankr. S.D.N.Y. 1983), *aff'd sub nom. In re Johns-Manville Corp.*, 40 B.R. 219 (S.D.N.Y. 1984).

Here, such "unusual circumstances" cannot be found in this case as no papers and no defense has been filed by either defendant. Admittedly, purely for the purpose of ease in reference, Plaintiffs referred to both parties as "Klausner" in their papers. This is inapposite especially given the procedural history in this matter. This Honorable Court has given the Defendants every opportunity to advise

of their position here and they have spoken not one word. Unusual circumstances cannot be said to exist because the record is silent as to those circumstances. Final Default Judgment is proper.

### VII. PLAINTIFF'S CLAIMS ARE AN EXCEPTION TO THE STAY

In conclusion and most importantly, Defendants are precluded from arguing protection against a claim that raises questions of willful and malicious injury. To be sure, in order for an injury to be "willful and malicious" the debtor must have purposefully inflicted the injury or acted with substantial certainty that injury would result." *In re Blossfield*, 321 B.R. 913, 916 (Bankr. W.D. Wis. 2004). "A willful and malicious injury under Section 523(a)(6) is confined to acts, such as intentional torts, done with an actual intent to cause injury as opposed to acts done intentionally that result in injury." *In re Smith*, 537 B.R. 1, 13 (Bankr. M.D. Ala. 2015). Plaintiffs have successfully pled the willful violations of the law. Here, Defendants willfully closed the Plant and terminated Plaintiffs employment without proper notice. Not only did Defendants purposefully act with substantial certainty that the closure of the facilities would cause injury to only its American-citizen workers, Defendants acts were also malicious as Defendants had notice of the pendency of legislation enacted to protect the American laborer during the recent coronavirus pandemic. Defendants purposely shirked their duties to the American work force in retribution for the passing of the protective legislation.

Defendants' actions clearly fall under the label of intentional as contemplated by Congress in passing the law.[1]

The Final Default Judgment is proper here. This case falls squarely within the exception that was created within the non-dischargeable provisions. Defendants intended the consequences of its actions, as it knew that it needed to give its American employees ample notice of its closing. In retribution for the Congress of the United States passing laws to protect workers against the effects of the coronavirus, Defendants sought to harm those American workers. Defendants pulled up stakes and left its American workers with no protection. Defendants should not be afforded protections either, especially given the posture of ignoring the serious complaints they have taken so far.

**CONCLUSION**

Defendants intentionally caused the injuries complained of in the underlying action. No protections should be afforded to Defendants and the Final Default Judgment should be entered against Defendants.

Wherefore Plaintiff respectfully requests this Honorable Court to grant the Plaintiff's request to enter a Final Default Judgment against Defendants, KLAUSNER LUMBER ONE LLC, and KLAUSNER LUMBER TWO LLC.

---

[1] *Cf. Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S. Ct. 974, 978, 140 L. Ed. 2d 90 (1998)(debts arising from medical malpractice action do not fall within the gambit of the willful and malicious exception).

Dated this 28th day of May, 2021.

        Respectfully submitted,

        *s/Thomas L. Dickens, III*
        Thomas L. Dickens, III
        Florida Bar No.: 63867
        Morgan & Morgan, P.A.
        20 N. Orange Ave.
        Suite 1600
        Orlando, FL 32801
        Direct Tel.:  (407) 418 2042
        Facsimile:    (407) 245-3354
        Email: tdickens@forthepeople.com;
        mfermaint@forthepeople.com
        jcastellanos@forthepeople.com

        *Counsel for Plaintiffs*

## CERTIFICATION PURSUANT TO L.R. 1.05

I hereby certify that the foregoing ***Memorandum of Law in Support of Plaintiff's Motion for Final Default Judgment*** was prepared in conformance with the font and point selections approved by the Court in Local Rule 1.05.

        **MORGAN & MORGAN, P.A.**

        *s/Thomas L. Dickens, III*
        Thomas L. Dickens, III
        Florida Bar No.: 63867

## CERTIFICATION PURSUANT TO L.R. 3.01

I hereby am <u>unable</u> to certify that Plaintiff has been able to confer with Defendant's counsel in this matter and no counsel has made an appearance on behalf of Defendants.

**MORGAN & MORGAN, P.A.**

*s/Thomas L. Dickens, III*
Thomas L. Dickens, III
Florida Bar No.: 63867