**WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP**

Thomas A. Draghi
Extension 403
E-mail: tdraghi@westermanllp.com

June 2, 2021

**BY EMAIL AND OVERNIGHT MAIL**
Thomas L. Dickens, III
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
tdickens@forthepeople.com

      **Re:**   **In re Klausner Lumber One LLC
Chapter 11 Case No. 20-11033 (KBO) (Bankr. D. Del)**

            **In re Klausner Lumber Two LLC
Chapter 11 Case No. 20-11518 (KBO) (Bankr. D. Del)**

            **Johnnie Raymond vs. Klausner Lumber One LLC and Klausner Lumber Two LLC; Case No. 3:20-cv-01380 (BJD-MCR)**

Dear Mr. Dickens:

      This firm is bankruptcy counsel to (i) Klausner Lumber One LLC ("KL1"), which filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on April 30, 2020 and (ii) Klausner Lumber Two LLC ("KL2", together with KL1, the "Debtors"), which filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court on June 10, 2020.  Enclosed herewith is a copies of the Debtors' respective bankruptcy petitions, as evidence of the Debtors' bankruptcy filings.

      The Debtors are in receipt of the *Memorandum of Law in Support of Plaintiff's Motion for Final Default Judgement* filed by your client Johnnie Raymond ("Raymond") on May 28, 2021 in the United States District Court for the Middle District of Florida (Jacksonville Division) (the "Florida District Court") in the above-referenced action (the "Action"). As a result, the Debtors have become aware that on December 7, 2020, **eight (8) months after KL1 filed for bankruptcy and six (6) months after KL2 filed for bankruptcy**, the Plaintiff filed a Class Action Complaint & Demand for Jury Trial commencing the Action in the Florida District Court

Exhibit "C"

pursuant to which Plaintiff is seeking damages and other relief resulting from the Debtor's alleged violations of the Family and Medical Leave Action and Title VII of the Civil Rights Act.

**PLEASE BE ADVISED THAT THE COMMENCEMENT OF THIS ACTION POST-PETITION IS IN DIRECT VIOLATION OF THE AUTOMATIC STAY IMPOSED BY SECTION 362(A) OF THE BANKRUPTCY CODE[1] AND IS VOID *AB INITITO*[2] UNDER APPLICABLE LAW. BE FURTHER ADVISED THAT SECTION 362(K) OF THE BANKRUPTCY CODE PROVIDES THAT A DEBTOR INJURED BY ANY WILLFUL VIOLATION OF THE AUTOMATIC STAY SHALL RECOVER <u>ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES</u>.**

The Debtors are deeply troubled by the commencement of the Action given that Plaintiff is represented by counsel in both the KL1 and KL2 bankruptcy cases and has been served, either directly or through counsel, with numerous pleadings and notices in both of the Debtors' cases. Plainly stated, Plaintiff knows (or should know) that both KL1 and KL2 are in active chapter 11 bankruptcy cases. The automatic stay granted by section 362(a) of the Bankruptcy Code remains in effect until the bankruptcy case is dismissed or closed or until such earlier time as set forth in Bankruptcy Code sections 362(c), (d), (e) and (f), and none of these events have occurred[3].

**ACCORDINGLY, THE ACTION IS IN VIOLATION OF THE AUTOMATIC STAY IMPOSED BY SECTION 362(A) OF THE BANKRUPTCY CODE, AND THE ACTION SHOULD BE WITHDRAWN IMMEDIATELY <u>AND IN NO EVENT LATER THAN JUNE 9, 2021</u>. MOREOVER, YOU AND YOUR CLIENT ARE ENJOINED FROM TAKING ANY OTHER ACTION, PERFORMING ANY ACT, OR ACTING OR PERFORMING IN ANY MANNER CONTRARY TO OR INCONSISTENT WITH THE ABOVE-DESCRIBED AUTOMATIC STAY. IF THE ACTION IS NOT WITHDRAWN BY JUNE 9, 2021, OR IF ANY FURTHER ACTIONS ARE TAKEN BY YOU OR YOUR CLIENT IN CONNECTION WITH THE ACTION IN VIOLATION OF THE STAY,**

---

1   The Bankruptcy Code provides for an automatic injunction, inter alia, against: "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title… (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ... [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."   11 U.S.C § 362(a).

2   *See, e.g., Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) (holding that district court proceedings against a debtor that occurred during the bankruptcy are void ab initio).

3   Plaintiff's misguided references in its Memorandum to an alleged willful and malicious injury as exceptions to discharge under Section 523 of the Bankruptcy Code are irrelevant and not an exception to operation of the automatic stay under Section 362 of the Bankruptcy Code.

**THE DEBTORS WILL HAVE NO OTHER ALTERNATIVE BUT TO SEEK APPROPRIATE RELIEF, INCLUDING, WITHOUT LIMITATION, COSTS AND ATTORNEYS' FEES**.

Please be guided accordingly and kindly provide me with written confirmation that this action has been withdrawn as soon as possible.

Very truly yours,

/s/ *Thomas A. Draghi*

Thomas A. Draghi

Enclosures

cc:	Alison M. Ladd, Esq.
	Daniel B. Butz, Esq.
	Eric Schwartz, Esq.
	Michael Freeman, Chief Restructuring Officer (KL1)
	Robert Prusak, Chief Restructuring Officer (KL2)